1
Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
2
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
3
Tel: 323-988-2400 x241
Fax: 866-583-3695
4
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
5
ROBERT MCDONALD

6

7

8

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

9

ROBERT MCDONALD,                         )   **Case No.:**
                                         )
10
                    Plaintiff,           )   **COMPLAINT AND DEMAND FOR**
                                         )   **JURY TRIAL**
11
              v.                         )
                                         )   **(Unlawful Debt Collection Practices)**
12
SENTRY CREDIT, INC.,                     )
                                         )
13
                    Defendant.           )
                                         )

14

15

**PLAINTIFF'S COMPLAINT**

16

ROBERT MCDONALD (Plaintiff), through his attorneys, KROHN & MOSS, LTD.,

17

alleges the following against SENTRY CREDIT, INC. (Defendant):

18

**INTRODUCTION**

19

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15*

20

*U.S.C. 1692 et seq.* (FDCPA).

21

**JURISDICTION AND VENUE**

22

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such

23

actions may be brought and heard before "any appropriate United States district court

24

without regard to the amount in controversy."

25

3. Defendant conducts business in the state of Arizona, and therefore, personal jurisdiction

is established.

*4.* Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Maricopa County, Mesa, Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency and conducts business in Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant has been placing collection calls to Plaintiff for nearly 6 months.

13. Defendant places collection calls to Plaintiff on his cell phone: 480-406-0559.

14. Defendant tells Plaintiff to call back on: 800-608-2581.

15. Defendant threatened Plaintiff with wage garnishment.

16. Defendant threatened to take Plaintiff's fiancé's Social Security.

17. Defendant failed to provide Plaintiff with a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural

PLAINTIFF'S COMPLAINT

1

consequence of this is to harass, abuse, and oppress the Plaintiff.

2

b.  Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's

3

telephone to ring repeatedly and continuously with the intent to annoy, abuse,

4

and harass Plaintiff.

5

c.  Defendant violated *§1692e(4)* of the FDCPA by representing that non payment of

6

the alleged  debt would result in wage garnishment agaist Plaintiff.

7

d.  Defendant violated *§1692e(5)* of the FDCPA by threatening to seize Plaintiff's

8

fiancé's Social Security, even though Defendant does not intend to take such

9

action.

10

e.  Defendant violated *§1692e(10)* of the FDCPA by engaging in deceptive means to

11

attempt to collect a debt by threatening Plaintiff with wage garnishment.

12

f.  Defendant  violated  *§1692g(a)(1-5)*  of  the  FDCPA  by  failing  to  provide

13

appropriate  notice  of  the  debt  within  5  days  after  the  initial  communication

14

including: (1) the amount of the debt; (2) the name of the creditor to whom the

15

debt  is  owed;  (3)  a  statement  that  unless  the  consumer,  within  30  days  after

16

receipt of the notice, disputes the validity of the debt, or any portion thereof, the

17

debt will be assumed to be valid by the debt collector; (4) a statement that if the

18

consumer notifies the debt collector in writing within the 30-day period that the

19

debt, or any portion thereof, is disputed, the debt collector will obtain verification

20

of  the  debt  or  a  copy  of  a  judgment  against  the  consumer  and  a  copy  of  such

21

verification or judgment will be mailed to the consumer by the debt collector; and

22

(5)  a  statement  that,  upon  the  consumer's  written  request  within  the  30-day

23

period, the debt collector will provide the consumer with the name and address of

24

the original creditor, if different from the current creditor.

25

PLAINTIFF'S COMPLAINT

1    WHEREFORE, Plaintiff, ROBERT MCDONALD, respectfully requests judgment be

2  entered against Defendant, SENTRY CREDIT, INC., for the following:

3    19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection

4       Practices Act,

5    20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15*

6       *U.S.C. 1692k*,

7    21. Actual damages,

8    22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

9       *15 U.S.C. 1692k*

10   23. Any other relief that this Honorable Court deems appropriate.

11              **DEMAND FOR JURY TRIAL**

12    Plaintiff, ROBERT MCDONALD, demands a jury trial in this cause of action.

13                    RESPECTFULLY SUBMITTED,

14  DATED:  February 8, 2010              KROHN & MOSS, LTD.

15

16                    By: /s/ Ryan Lee                           _

17                        Ryan Lee
                          Attorney for Plaintiff
18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF ARIZONA

Plaintiff, ROBERT MCDONALD, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROBERT MCDONALD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1/28/10

ROBERT MCDONALD

- 5 -

PLAINTIFF'S COMPLAINT